[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal taken by the plaintiffs from the assessment of damages in the amount of $18,750.00 deposited CT Page 6945 with the clerk of court for the partial taking of its property by eminent domain on May 20, 1993 pursuant to General Statute13a-73 (b)(e). The deposit has been paid to the plaintiff.
The premises are located in the Town of Bloomfield on the southwesterly side of Blue Hills Avenue, and prior to the taking contained 5.32 acres. The actual taking consisted of .202 acres running along the front of the property, together with certain easements. The taking included a drainage right and the right to relocate a sign.
The subject property contains two buildings: a larger industrial building to the rear, and a smaller two-story frame structure nearer to the street which was usable as a dwelling. As a result of the taking the frame dwelling does not comply with the setback regulations contained in the zoning regulations. The zoning ordinance requires a setback of forty feet; after the taking the building is about thirty feet away from the contemplated street line and thereby becomes nonconforming.
The appraisals proffered to the court are each based on two divergent methods: the defendant's appraiser considers only the value of the land taken; the plaintiffs' appraiser, on the other hand, finds a loss not only as to the value of the land taken, but also the effect upon the value of the frame dwelling. This would include severance damages for the diminution in value of the remaining property. To ensure that severance damages are included, the "before and after" rule should be followed. Alemany vs. Commissioner ofTransportation, 215 Conn. 437. The plaintiffs' appraisal complies with this rule.
Mr. Barry's appraisal is based in some measure on the frame dwelling being converted to office use. Subsequent to the date of the taking, however, the plaintiffs had obtained from the Town Plan and Zoning Commission permission to build an addition to the larger industrial building in the rear. This permission, however, was conditioned on the removal of the frame dwelling. To consider this latter development is not strictly germane because it took place after the taking date.
Note is also taken that Mr. Barry in his Report (Exhibit B at page 20) states that the frame building, being non-conforming, could not be replaced if destroyed by fire. This CT Page 6946 conclusion is incorrect.
These considerations, while negative in nature, are not regarded as major factors in this appraisal question.
The following calculation is made:
 Total Before Value: $406,000 Total After Value 368,000 -------- Resulting Damage $ 38,000
The above calculation does not involve the industrial building or other improvements not within the taking area.
After viewing the premises and considering the applicable law and the evidence, the following may enter:
Judgment in favor of the plaintiffs in the sum of $38,000 less $18,750 already paid, or the sum of $19,250, together with interest of 6% on said sum of $19,250 from the date of taking to the date of payment. In addition, the plaintiffs shall have taxable costs and an appraisal fee of $2,500.00.
John M. Alexander State Judge Referee